UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE CLARK, Jr., Booking #18165624,<br><br>Plaintiff,<br><br>vs.<br><br>SUPERIOR COURT OF CALIFORNIA, County of San Diego,<br><br>Defendant. | Case No.: 3:19-cv-00141-LAB-LL<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

Robert Lee Clark, Jr. ("Plaintiff"), while in the custody of the San Diego County Sheriff Department's George Bailey Detention Facility ("GBDF") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Plaintiff claims the San Diego Superior Court has imprisoned him "under false pretenses." (*Id.* at 3.)

Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

1

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his San Diego County Sheriff's Department Inmate Trust Account Activity report from October 13, 2018, through

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

January 10, 2019, just before he filed suit.[2] *See* ECF No. 2 at 6-7; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that while Plaintiff had an approximate average monthly deposit of $75 to his account, and carried an approximate average monthly balance of $44 since he has been detained, he had only $15.06 to his credit at filing. *See* ECF No. 2 at 6.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $15 pursuant to 28 U.S.C. § 1915(b)(1). However, the Court will direct the Watch Commander of GBDF, or his designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

///

///

---

[2] According to the San Diego Sheriff's Department website, Plaintiff was booked by the La Mesa Police Department on October 13, 2018, and has been charged with felony child abuse in violation of Cal. Penal Code § 273a(a) and misdemeanor DUI in violation of Cal. Vehicle Code § 23152(b) in San Diego Superior Court Criminal Case No. SCD276939. His next court appearance is scheduled on March 25, 2019. *See* https://apps.sdsheriff.net/_wij/WijAList.aspx?LastName=Clark&_FirstName=Robert (last visited March 6, 2019); *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) (court may "take judicial notice of a record of a state agency not subject to reasonable dispute"); *United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); *see also Foley v. Martz*, No. 318CV02001CABAGS, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of information provided by California Department of Corrections and Rehabilitation's inmate locator).

## II. Screening of Plaintiff's Complaint

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

///

B. Plaintiff's Allegations

Plaintiff claims he has been "unlawfully" and "falsely" imprisoned "in jail under false pretenses." (Compl., ECF No. 1 at 3.) Specifically, Plaintiff alleges that while he was arrested based on charges of forgery, burglary, and receiving stolen property in September 2012, and was sentenced to a 2-year prison sentence on January 8, 2014, his public defender told him he would not be placed on "probation or parole" after his release. (*Id.*) However, his "P.O. (probation officer) has now "plac[ed] [him] back in jail for violations when in reality [he] should not [have] been on paperwork in the first place." (*Id.*) Plaintiff claims this constitutes "unusual punishment." (*Id.*)

He seeks compensatory and punitive damages from the San Diego Superior Court for his "false imprisonment" and seeks the issuance of "discharge papers." (*Id.* at 5.)

C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D. Improper Defendant

First, Plaintiff's Complaint requires sua sponte dismissal pursuant to both 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) to the extent it names the Superior Court of San Diego as the sole Defendant. (Compl., ECF No. 1 at 1-2.)

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. *See Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 71 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent. [...] We hold

that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

"[A] suit against the Superior Court is a suit against the state, barred by the Eleventh Amendment." *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), *superseded by statute on other grounds as stated in Alexis v. Cty. of Los Angeles*, 698 F. App'x 345, 346 (9th Cir. 2017)*; see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.,* 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.") (internal citations omitted); *Lofthus v. Long Beach Veterans Hosp.*, 214 F. Supp. 3d 908, 912 (C.D. Cal. 2016) ("As an arm of the State of California, the County Superior Court is immune from suit under the Eleventh Amendment.").

"The statute governing IFP filings requires a court to dismiss an action 'at any time' if it determines that the complaint 'seeks monetary relief against a defendant who is immune from such relief.'" *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016) (quoting 28 U.S.C. § 1915(e)(2)(B)(iii)); *Robben v. Calaveras Cty. Superior Court*, No. 2:16-CV-2884-JAM-CMK P, 2018 WL 3641709, at *3 (E.D. Cal. Aug. 1, 2018) (sua dismissing prisoner's § 1983 claims against County Superior Court as barred by the Eleventh Amendment pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A).

E. *Younger* Abstention

Second, to the extent Plaintiff challenges the lawfulness of his current term of "imprisonment" based on what appears to be the revocation of a term of supervised probation and/or the validity of his ongoing state criminal proceedings in San Diego Superior Court, *see* Compl., ECF No. 1 at 3, relief is not available under 42 U.S.C. § 1983.

Federal courts may not interfere with ongoing state criminal, quasi-criminal enforcement actions, or in civil "cases involving a state's interest in enforcing the orders and judgments of its courts," absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013);

*Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018), *cert. denied* (U.S. Oct. 1, 2018) (No. 17-1487); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014).

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1091-92 (9th Cir. 2008). *Younger* abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding. *ReadyLink*, 754 F.3d at 758; *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018).

A court may consider sua sponte whether *Younger* abstention should be invoked at any point in the litigation. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *Augustin v. Cnty. of Alameda*, 234 Fed. Appx. 521 (9th Cir. 2007)); *Salmons v. Oregon*, No. 1:17-CV-01104-MC, 2017 WL 3401270, at *5 (D. Or. Aug. 8, 2017). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

Here, Plaintiff claims he is currently being "falsely imprisoned" in County custody based on illicit probation violations, that those criminal proceedings were ongoing at the time he filed suit, and that they remain pending in San Diego Superior Court. *See* Compl., ECF No. 1 at 3. In fact, under *Younger*, state proceedings are considered ongoing until

appellate review is complete. *See Gilbertson,* 381 F.3d at 969 n.4 (citation omitted); *Huffman v. Pursue*, 420 U.S. 592, 608 (1975) ("[A] necessary concomitant of *Younger* is that a party ... must exhaust his state appellate remedies before seeking relief in the District Court."). There is no question criminal probation revocation proceedings "involve [the] state's interest in enforcing orders and judgments of its courts," *Sprint*, 571 U.S. at 72-73, and Plaintiff fails to even suggest that the state court's criminal proceedings have or will fail to provide him with an "adequate opportunity" to raise his constitutional concerns. *ReadyLink*, 754 F.3d at 759. Finally, to the extent Plaintiff seeks the issuance of "discharge papers," *see* Compl., ECF No. 1 at 5, his requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" ongoing state judicial proceedings. *ReadyLink*, 754 F.3d at 758; *Arevalo*, 882 F.3d at 765.

Thus, because "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction ... until after the jury comes in, judgment has been appealed from and the case concluded in the state courts," *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972), *Younger* abstention is also required here. *ReadyLink*, 754 F.3d at 759. And when it is applicable, *Younger* abstention requires dismissal of the federal action, not a stay. *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998); *Ridge v. Larson*, No. CV 12-00101-M-DLC, 2012 WL 4328341, at *3 (D. Mont. Aug. 6, 2012), *report and recommendation adopted*, No. CV 12-00101-M-DLC-JCL, 2012 WL 4328337 (D. Mont. Sept. 19, 2012).

Thus, for these additional reasons, the Court denies Plaintiff leave to amend as futile. *See Cahill v. Liberty Mut. Ins. Co..*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal.1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)); *Davis v. Mendes*, No. 13-CV-1817 BEN RBB, 2014 WL 1744137, at *3 (S.D. Cal. Apr. 30, 2014) (denying leave to

amend as futile when prisoner's § 1983 claims were subject to dismissal under § 1915(e)(2) and § 1915A based on absolute immunity and *Younger* abstention).

### III. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Watch Commander of GBDF, or his designee, to collect from Plaintiff's trust account the $15 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, San Diego, California, 92158.

4. **DISMISSES** this civil action sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b) both for failing to state a claim upon which § 1983 relief can be granted and for seeking damages from a defendant who is immune.

5. **CERTIFIES** that an IFP appeal in this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

6. **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: March 11, 2019

_Larry A. Burns_
Hon. Larry Alan Burns
Chief United States District Judge